Good morning, and may it please the Court. My name is Jeffrey Ellis. I'm here on behalf of the petitioner, Robert Allen Brown. This is a case involving a claim of due process and fair notice violation in a situation where Mr. Brown was convicted based on an uncharged theory of liability under the kidnapping charge. I would ask this Court specifically to look at Gott v. Lewis, a decision from this Court back in 2007, because it provides really a blueprint for this case. That case, like this case, is an AEDPA case. That case, like this case, is a case where the defendant was charged with a particular theory, but the jury was instructed on another theory that he was convicted of, and the Court found an unreasonable application of clearly existing Supreme Court law and reversed. But let me start with the charging document, because I think it's important, given our claim, that the charging document, specifically the felony murder, didn't fairly inform Mr. Brown of the kidnapping theory that the jury was instructed on. There are three charges in the charging document. The kidnapping charge specifically charges only the intent to inflict bodily injury. The jury, when it's instructed, is instructed to consider the infliction of bodily injury and also the infliction of emotional distress. On the kidnapping charge, the State Court found a constitutional violation and reversed, because the jury was allowed to convict Mr. Brown of an uncharged alternative. If you go, then, to the felony murder charge, the felony murder charge simply says that he committed the felony of first-degree kidnapping and that the victim died. It doesn't specify the statute. It doesn't have any additional words associated with it. It simply says first-degree kidnapping. If you go down to count three, the conspiracy count, the State there apparently attempts to invoke the breadth of the statute where it says that he conspired to commit first-degree kidnapping and then sets out a statutory citation. Incidentally, it's an incorrect statutory citation. It's a citation for the crime of harassment and not the crime of kidnapping. But nevertheless, it attempts to broaden the scope of that claim by setting out a statutory provision. Incidentally, in Washington, kidnapping could be committed five different ways, not just the two that the jury was instructed in this case. If you go, then, to the instructions that were given to Mr. Brown's jury, those instructions essentially repeat the formulation that the charging document did, by which I mean the jury specifically set out a definition of kidnapping in the felony murder charge and then set it out again in the kidnapping charge. The instructions in the felony murder charge simply say you have to find that he committed a kidnapping. You then go to the separate kidnapping count, and that's where the jury is instructed on these theories. So the method of pleading these charges and the elements of these charges are all based on State law, correct? That is to say, the elements of felony murder is a State law determination. Correct. So here, as I understand felony murder, basically the felony, the underlying felony is a substitution for the intent that we generally have in first degree murder cases. That's correct. And I'm not arguing that the felony murder charge read in isolation fails to charge a crime. What I'm arguing is that the felony murder charge read as you the kidnapping charge. Well, when you have a jury trial, though, at the end, you instruct the jury on each charge. You don't instruct the jury, hey, take a look at the total complaint, the charging document. You instruct them that on each count, and, in fact, you tell them, you know, you're to be guided by the element, you're to look at each count individually. Right. But my argument is that this jury was allowed to convict Mr. Brown on a theory of liability that was not charged. That's the situation. No, no, no. The theory of liability charged was that he kidnapped and inflicted the intent to inflict injury. Sure. Right? The evidence was that while this unfortunate was tied up, Mr. Brown, in his mind, slapped him or hit him. Right? The evidence was sufficient to find him guilty of kidnapping. Correct? But that's not the only theory of liability that the jury received. The jury received a separate theory of liability, which was the intent to inflict emotional distress. And that was not found in the charging document. Well, all right. So the Washington State court corrected that error by acquitting him of kidnapping based on constitutional grounds that he hadn't been given fair notice. But so long as the evidence was sufficient to convict him on the proper ground of causing injury, he suffered no prejudice. No. No, he is under prejudice. I respectfully disagree. Because the jury was not required to specify which of those grounds that it found. Right. So it's speculation on your part whether they found him guilty of causing emotional distress rather than physical injury. Right? Well, in my argument, and it's an argument that finds support in Gott, and it finds support before that in Cole v. Arkansas, the U.S. Supreme Court case says that there is an unacceptable risk that Mr. Brown was convicted based on a theory of liability that he never had fair notice of, that wasn't in the charging document. Well, that's not quite correct because, as I just said, under Oregon law — Washington law. Washington law. I'm sorry. Under Washington law — I'm sorry. That's okay. Under Washington law, they didn't — the elements of felony murder, they don't have to allege in the account, in the indictment or whatever their information or whatever they're proceeding on. Correct. They don't have to allege the specifics — I agree with you. — of the kidnapping. We have no disagreement — In the felony murder. We have no disagreement about that point. So under Washington law, they have notice — And I'm telling you that the criminal law repeatedly says that documents must be read as a whole, that we don't read documents in a hyper-technical way. In this particular case, the kidnapping charge, which is then subsumed in the felony murder charge, specifies a particular theory. The State's argument, or the State court's argument, is from the charging document's silence, we can assume a different intent to charge the felony in the felony murder different than the exact same felony. The charge of felony murder doesn't say kidnapping as alleged in count two. Correct. But it is — If it said kidnapping as alleged in count two, I would say you've got a really good argument. Okay. But it doesn't say that. And I agree with you, I'm not quite there. But I'm only half of a step away, I would suggest. Because, again, the kidnapping from a double jeopardy standpoint, it is a lesser included of the felony murder. There's no allegation that the felony committed in the felony murder is different or apart than the stand-alone kidnapping. They're the same crime. And, again, what the State court does is it says, let's just look at the felony murder charge in isolation, and let's assume an intent to do something different by virtue of silence, by virtue of no language. And I'm telling you that what case law repeatedly says with regard to the review of information or indictments is that they must be read as a whole. And they must be read in a common-sense manner. Well, first of all, there was never any attack on count one in the information that it did not state a crime or that it was too vague or anything else. And if the accuser had stopped right there at count one, this case is over, right? If count two hadn't been charged? Yeah. I agree. Now, what you're asking us to hold is that as a matter of U.S. constitutional law, by throwing in a separate count that does not allege all of the way a person can commit the crime of kidnapping under Washington law, that that somehow takes, then, count one. I'm telling you that when you read count two in connection with count one, that count two defines the kidnapping as charged in count one. And you're saying that as a matter of U.S. constitutional law? Yeah. And again, I would cite to Gott and I would cite to Cole. And from a practical standpoint, when the jury returned a verdict of guilty on count one and guilty on count two under instructions that would permit them to find either intent to do physical harm or intent to do emotional harm, that somehow that fouled count one because the instruction was broader than the charge in count two. Right. Correct. And the instruction only appears in the kidnapping charge. Now, the instructions, however, didn't put any of the limitations that you're talking about into the consideration. When the jury heard the instructions on kidnapping, if it didn't have a separate count of kidnapping, there would have been nothing wrong with it as it relates to count one. It would have been a perfectly legitimate instruction as it relates to count one on which the defendant was found guilty. Well, the two-convict instruction for the felony murder simply referenced you have to find that he committed a kidnapping. Yeah. Right? There needs to be a separate definition for the jury of kidnapping that was given in this case, and it was given in this case on the kidnapping charge. So if you're a juror and you're trying to figure out what do I need to find in order to convict a felony murder, you look at kidnapping, but then you go to the kidnapping instruction, which is where you find the uncharged alternative in addition to the charged alternative. But it was you will agree with me that it was a legitimate description of what the jury had to find or a legitimate instruction on what the jury had to find as far as count one is concerned. They were at liberty to find either one. Well, I disagree. That's the rub in the case. I disagree. Well, the instructions permitted them to do it, didn't it? The instructions did permit, but my argument is that they permitted the jury to convict him on an uncharged theory of kidnapping. I understand you. Let's hear from the State, and then we'll give you a minute for rebuttal. May it please the Court. John Sampson, Assistant Attorney General for the Respondent. Your Honors, this case comes before the Court under AEDPA, and to obtain relief, the Petitioner must show that the State Court adjudication was an unreasonable application of Supreme Court precedent. In this case, he has not done that. The State Court reasonably determined first that the charging document included all the elements of felony murder. Under State law? Under State law, and that whether or not it included the elements of State law is an issue of State law, and that Court's decision is binding on this Court under Bradshaw v. Ritchie. The State Court then further considered the argument that although the charge on felony murder was proper, the prosecutor erred and restricted that charge in the case, and the State Court said, no, because you cannot show the prejudice from that. What the State Court reasonably determined was even if there could have been some misleading by the combination of the two counts, which our position is they should be viewed separately, but even if there could be some misleading to a defendant, there was no misleading in this particular case, because the defense was not whether the kidnapping was committed to inflict bodily injury or mental distress. The defense was Mr. Brown was not an accomplice to the crime. That was the defense. So even if there could have been some misleading from the charge, there was no prejudice that would be required to obtain relief. The State Court's decision was not an unreasonable application of Supreme Court precedent, although the petitioner relies on this Court's precedent. The Supreme Court most recently in Frost v. Glebe said that this Court cannot use its own precedent to fill in the gaps that are missing from existing Supreme Court case law. There is simply no case, no holding from the U.S. Supreme Court that says that this is a constitutional error in this case. If this case was not under AEDPA, this Court could arguably find that there was a constitutional error in the exercise of its de novo review, but this case does fall under AEDPA. As a result, there is no clearly established federal law. There is no showing that the State Court's adjudication was unreasonable, and relief must be denied. Unless . . . Yes, Your Honor. The way this is alleged, I think, did the State Court refer to this as inartful or something like that? I've forgotten who used that term to describe this information. The State Supreme Court did say that on excerpts of record 21 to 22. And you have in count one a premeditated intent to cause death. And then you also allege, or the State also alleges, that something was done either or. And you got away with all of that, I guess, huh? Yes, Your Honor. What they alleged in the alternative in count one is that even if the jury rejects the allegation of premeditation, the alternative for finding that mental intent is that it was committed in the course of a felony. Now, was the jury instructed on the premeditated allegations of premeditated murder as opposed to felony murder under this count? Yes, Your Honor. They were instructed on both, and the jury convicted them of the felony murder. Okay. And under that charge, all that is required is that there be an allegation that the murder was committed either in furtherance of, in course of, or quite from the crime of kidnapping. Yes. And under State law, there is no requirement that the jury find and that the prosecutor allege the elements of kidnapping for that charge. But the jury found that he was kidnapped, and that determination was reversed by the Washington State court. Yes, Your Honor. So there was no kidnapping? Yes, Your Honor. Well, then how can there be a felony murder? What's the felony committed? The felony was committed, but taking a step back, the prosecutor didn't have to charge kidnapping as a separate crime. They could have decided not to charge that. If the jury acquitted them of kidnapping, they could still convict them of felony murder. How's that? Because under Washington law, to be convicted of felony murder, the actual crime of kidnapping is not an element. It is not something the prosecutor has to prove. The prosecutor only has to prove that a murder was committed either while attempting or committing the crime of kidnapping. And there is no Supreme Court case law that says that you have to prove the underlying predicate felony in order to support a felony murder conviction. Doesn't that seem a bit illogical? But as it plays out, they usually do prove the underlying felony. They do, Your Honor. And there's no allegation that there was a lack of proof. The allegation, and there's no allegation that the verdict was unlawful under Washington law. The allegation is he didn't know, Mr. Brown didn't know that he could be convicted of either prong or either means of committing that crime. So it's not an allegation that no kidnapping occurred. It's an allegation that that kidnapping charge had an instructional error because he didn't have notice that that instruction would be given. And that lack of knowledge hampered his defense? On the kidnapping charge. But not on the felony murder because... And then you say there's no real hampering of the defense because there's plenty of evidence to convict him of kidnapping with intent to injure. Exactly, Your Honor. And because the defense really wasn't whether it was intent to inflict bodily injury or intent to inflict mental distress. The defense was I was not an accomplice. This is not a case where there's multiple counts occurring over a long range of time and there's confusion about when the counts actually occurred. There was one kidnapping. It occurred in a very short period of time. There's abundant evidence that Mr. Brown participated in that kidnapping. And as a result, as an accomplice, he was guilty of murder. But if he had been informed by the charging document that kidnapping required only the intent to cause emotional distress, would that have changed his defense at all? No, Your Honor. I don't believe it would have because his defense was I was there, but I didn't actively participate. I was not aiding and abetting in the commission of the crime, which is what an accomplice does. The mere presence of an individual at the crime scene is not enough to prove accomplice liability. And so his defense was I was present, but I wasn't actively aiding in the commission. And the defense attorney's arguments was he was not, Mr. Brown was not part of the group. He was not part of the group that actually engaged in the kidnapping, not part of the group that actually committed the murder, and therefore he should not be liable. Because the state court's decision was not an unreasonable application of Supreme Court precedent, unless the court has further questions, I would ask that the court affirm the district court. Thank you. Thank you, counsel. I'll give you a minute for rebuttal. Thank you. I don't think the defense was as broad as the state characterizes it. The defense was that Mr. Brown did not know that the victim would be killed, which was the theory that was charged. But there was also this allegation that the victim was afraid, that he was in distress before the time. And so it is possible that the jury convicted based on that theory, which is an uncharged theory. This is not a case of insufficient notice. Our complaint is that Mr. Brown had actual notice that the State was only proceeding under the theory found in the indictment, or in the information. And finally, I'm not relying on this Court's decision in Gott as the clearly established Supreme Court law. I'm relying on it as the blueprint for the application of the law to this case. That case, like this case, ultimately relies on Cole v. Arkansas and other fair notice cases as clearly established law. Thank you. Thank you. Thank you, counsel. We appreciate your arguments and the matters submitted.
judges: Leavy, Paez, Bea